FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S. D.C. Atlanta

SEP 12 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BERNARD WRIGHT, I.D. # 276855,     Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:06-CV-2006-TWT |
| THURBERT E. BAKER, Attorney General,     Defendant. | |

## ORDER AND OPINION

Plaintiff, Michael Bernard Wright, who is incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is presently before the Court for a 28 U.S.C. § 1915A review.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

II. Plaintiff's Allegations

Plaintiff sues Thurbert E. Baker, the Attorney General for the State of Georgia, alleging that his due process and equal protection rights were violated by Defendant's legal representation of the Georgia Board of Pardons and Paroles ("Board") in cases Plaintiff had filed against the Board. Plaintiff does not specify any particular action by Defendant that violated his rights. Instead, Plaintiff appears to allege that his rights were violated simply by the fact that Defendant represented

2

the Board in Plaintiff's actions against it in state and federal court. Plaintiff seeks injunctive relief, a full pardon, and damages.

III. Discussion

Initially, the Court notes that Plaintiff has failed to state a claim because he has failed to allege how Defendant has violated his constitutional rights. See Washington v. Bauer, 149 Fed. Appx. 867, 870 (11th Cir. 2005) (holding a § 1983 plaintiff is required to allege with some specificity in his complaint the facts which make out his claim). See also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). The fact that Defendant provided legal representation to the Board is insufficient to show that Plaintiff's rights were violated here.

Furthermore, Plaintiff's action is subject to dismissal, as Defendant is immune from suit. "Prosecutors acting within the scope of their prosecutorial duties enjoy an absolute immunity from suit under § 1983." Jarallah v. Simmons, No. 06-10879, 2006 WL 2242794 (11th Cir. Aug. 7, 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). "Specifically, the functions of initiating a prosecution and presenting the

3

state's case are within the scope of prosecutorial immunity from a civil suit for damages under § 1983." Id. Thus, Defendant is immune from suit in this action.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff be granted in forma pauperis status for the purpose of dismissal only.

**IT IS SO ORDERED** this 11 day of September, 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)